IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA M. CABAN JIMENEZ; Guillermo Gutierrez Gonzalez; et al.  *<br>*<br>Plaintiffs,  *<br><br>v.  *     CIVIL NO. 06-1726 (DRD)<br><br>COMMONWEALTH OF PUERTO RICO;  *<br>MR. ROBERTO SANCHEZ RAMOS in his,  *<br>individual capacity and as Secretary of  *<br>Justice of the Commonwealth of P.R.,  *<br>Et al.  *<br><br>Defendants.  * | |

## ORDER

Co-defendant, Secretary of Justice, Roberto Sánchez Ramos, has filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) dated November 17, 2006, (Docket No. 10). The motion has not been opposed by plaintiff.

The standard for a Motion to Dismiss is rather simple.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubts that plaintiff can prove no set of facts in support of his claim which will entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Plaintiff must at least set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." <u>Romero-Barceló v. Hernández Agosto</u>, 75 F.3d 23, 28, N. 2 (9th Cir. 1996). Further, recently, the Supreme Court clarified that, the court must also examine at Motion to Dismiss level under

1

Fed.R.Civ.P. 12(b)(6) whether the case also complies with Fed.R. Civ. P. 8(a) by "a showing rather than a blanket assertion of entitlement of relief." Bell Atlantic Corporation, 127 S.Ct. 1955, 1965, N. 3, 550 US ___ (2007). However, the court is not obligated to accept plaintiffs "bald assertions, unsupportable conclusions, periphastive circumstances and the like. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The court must only accept "well pleaded facts" to justify the legal conclusions. Litton Industries, Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978).

The instant case is a declaratory and injunctive relief filed in July 2006 against the Secretary of Justice, Roberto Sánchez Ramos, in his personal and official capacity and against the current and past executives of Department of Education also in their personal and official capacities as well as various former executives of the Department of Education also in their personal and official capacities.

The mover of the dismissal is the Secretary of Justice alleging that she is entitled to Eleventh Amendment exception. However, there is a recognized exception as to this official capacity to the Eleventh Amendment and that is the doctrine of Ex Parte Young, 209 U.S. 123 (1908) and Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S. Ct at 1114, 1132 (1996), allowing persons in their official capacity to be sued for precisely injunctive and declaratory relief in civil rights actions Eleventh Amendment defense. Mills v. Maine, 118 F.3d 37, 54 (1st Cir. 1997):

> "Ex Parte Young allows a way around the bar to federal jurisdiction erected by the Supreme Court's Eleventh Amendment jurisprudence only in cases where prospective declaratory or injunctive relief is sought under federal law. See Seminole Tribe, 517 US at ___, 116 S. Ct. At 1132 ("[S]ince our decision in Ex Parte Young, we often have found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.'" (internal citation omitted)

(quoting Mansour, 474 U.S. at 68, 106 S. Ct. at 426).

Defendant, Roberto Sánchez Ramos, is sued under 42 U.S. 1983, 1985, 1986, 1988 for violations under the First, Fifth and Fourteenth Amendment. Plaintiff precisely seeks redress for "declaratory and injunctive relief" in § 1 of the complaint.  She also seeks damages for alleged conduct of certain employees of the Department of Education of not promoting her during the years that began in 1994 to 2005 because of her political affiliation as member of the Popular Democratic Party notwithstanding that she was certified by the Education Department as illegible and qualified. (Docket No. 1)

She further alleges that others members of the New Progressive Party were selected instead of her during the time said party was in executive governmental power in Puerto Rico. § 23 Complaint, Docket No. 1. She also alleges that she notified in writing a letter to the then Secretary of Justice, Jose A. Fuentes, explaining the matter on August 12, 1997 with intent to suing the Department of Justice and its functionaries. This letter, however, interrupts the term but the period begins to run immediately the next day by disposition of the Supreme Court. Diaz de Diana v. AJAS Ins. Co. 100 PR 471 (1980).

The court takes judicial notice that the current Secretary of Justice, Roberto Sánchez Ramos, did not take his position until January 2005.

The complaint alleges that the pattern of discrimination as to refusal to promote plaintiff continued in 2005 during the current PPD administration against her as a PPD member. She was eventually granted the position as School Director resulting from the suit, §33, Docket 1, but was tricked out of the position to resign promising a more attractive School Director position at Myrna Fuentes Public School. §40, Docket 1. Plaintiff was told that she was not to be granted the position of School Director via a phone call of May 11,

2005 notwithstanding plaintiff alleges that she was excellently qualified for the position. (§44, Docket 1). Plaintiff then alleges in several paragraphs of the complaint, 84-89, that defendants are jointly and severally liable to plaintiff. But there is not a single allegation as to a fact connecting the Secretary of Justice either in his individual or official capacity to the § 1983 discriminatory facts occurring in the Department of Education.

Hence, the case is DISMISSED WITH PREJUDICE against the Secretary of Justice not due to Eleventh Amendment exception but simply because there are no facts that can be even reasonably be inferred against him which could "entitle plaintiff to a relief." Conley v. Gibson, 355 U.S. 45-46.

The case is, therefore, **dismissed with prejudice** against the Secretary of Justice in his personal and/or individual capacity. The unopposed Motion at Docket No. 10 is, therefore, **GRANTED.**

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 30th day of September 2007.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**